IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LEE BISHOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-071 |
| | ) | |
| WILLIAM TERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the above-captioned petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be deemed **MOOT**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

According to Petitioner, on August 7, 2001, he pled guilty in the Superior Court of Laurens County, Georgia, to four (4) counts of burglary, seven (7) counts of armed robbery, five (5) counts of kidnaping, one (1) count of false imprisonment, one (1) count of kidnaping with bodily injury, and one (1) count of aggravated assault. (Doc. no. 1, p. 3). Petitioner was sentenced to life imprisonment. (Id.). Petitioner did not seek direct review of his conviction or sentence in the Georgia Court of Appeals or Supreme Court.[2] (Id.).

Petitioner then filed a "Petition to Correct Void Judgment" in the Superior Court of Laurens County, Georgia on November 1, 2007. (Id.). Petitioner argued that: (1) he received ineffective assistance of counsel "in connection with entry of [his] guilty plea," and (2) his conviction was obtained by a guilty plea that was not freely and voluntarily entered. (Id. at 3 & 6). On November 27, 2007, the Superior Court of Laurens County, Georgia denied the petition. (Id. at 4).

On July 18, 2008, Petitioner executed the above-captioned federal petition for a writ of habeas corpus. (Id. at 8). Petitioner argues that: (1) he received ineffective assistance of counsel "in connection with entry of [his] guilty plea," and (2) his conviction was obtained by a guilty plea that was not freely and voluntarily entered. (Id. at 6).

---

[2]This Court has authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). In this regard, the Court notes that Petitioner previously filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was transferred to this Court from the Middle District of Georgia. Bishop v. Calhoun State Prison, CV 306-015 (S.D. Ga. Feb. 13, 2006), *hereinafter* "CV306-015." In that case, Petitioner submitted a copy of a state petition for a writ of habeas corpus he filed in the Superior Court of Albany County, Georgia, on January 20, 2006. See id., doc. no. 1, pp. 8-12. Although Petitioner did not disclose the outcome of those proceedings, his federal petition for a writ of habeas corpus was dismissed without prejudice after he failed to either submit a new habeas corpus petition naming the proper party respondent or pay the applicable $5.00 filing fee as directed by the Court. Id., doc. nos. 9 & 11.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, Petitioner's conviction became "final" when the thirty (30) day period to appeal provided for by

3

O.C.G.A. § 5-6-38(a) expired. As Petitioner pled guilty and was sentenced in August 2001 (see doc. no. 1, p. 3),[3] the 30-day time-period prescribed under § 5-6-38(a), in which Petitioner could appeal his conviction, began at that time. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, the Court will presume that Petitioner's conviction became final in September 2001.

## B.    Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from September 2001, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state petition for a writ of habeas corpus in January 2006 or his "Petition to Correct Void Judgment" in November 2007, the one-year statute of limitations for filing a federal habeas corpus petition had long-since expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not seek post-conviction or collateral review until after the one-year period had expired for filing a federal habeas corpus petition, and therefore, no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a

---

[3]In this regard, the Court notes that the above-captioned petition does not indicate the exact date in August 2001 on which Petitioner was sentenced.

4

deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1) (quoted *supra*). Here, Petitioner fails to argue, and there is simply nothing in the record to suggest, that § 2244(d)(1) applies in this case. Therefore, § 2244(d)(1) is unavailable to Petitioner.

### C. Equitable Tolling and Claims of Actual Innocence

Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 544 U.S. 295, 310-11 (2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (*per curiam*) (stating that equitable tolling is "'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and*

5

unavoidable even with diligence'") (citations omitted). Petitioner bears the burden of proving his entitlement to such equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; Petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described this fundamental miscarriage of justice exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Once again, Petitioner fails to argue, and there is simply nothing in the record to suggest, that Petitioner is entitled to equitable tolling. Furthermore, upon review of the above-captioned petition, Petitioner has failed to argue or provide any evidence suggesting

that he can meet the stringent standard necessary to trigger the actual innocence exception. Therefore, neither equitable tolling nor the fundamental miscarriage of justice exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal habeas corpus petition, and (3) Petitioner has not alleged any extraordinary circumstances to justify equitable tolling nor has he presented any arguments to support a claim of actual innocence, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **FINDS** that the above-captioned petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7