ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LEE BISHOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-071 |
| | ) | |
| WILLIAM TERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. One of Petitioner's objections is worthy of discussion, but it does not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.[1]

Petitioner objects that he is entitled to equitable tolling to prevent the application of AEDPA's one-year statute of limitations. (Doc. no. 5, pp. 4-5). Specifically, Petitioner

---

[1] Petitioner also objects that his instant petition for a writ of habeas corpus should not be time-barred because in a prior Report and Recommendation regarding a previous petition filed by Petitioner, which Report and Recommendation was adopted by the district judge, the magistrate judge recommended dismissal of his petition but noted that it was not recommending that Petitioner be "permanently barr[ed] . . . from bringing a meritorious claim. It [was] simply recommending dismissing the case without prejudice until such time as Petitioner is willing to file his case and pursue it." (Doc. no. 5, p. 4) (citing Bishop v. Calhoun State Prison, Civ. No. 306-15, doc. no. 9, p. 2, adopted by doc. no. 11). The Court would simply note that this language from the Petitioner's prior case does not excuse Petitioner from complying with the statutory requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), including the one-year statute of limitations provision. 28 U.S.C. § 2244(d).

contends that he has pursued "his rights diligently" since the date he entered his guilty plea in state court on August 7, 2001. (Doc. no. 5, p. 5). He contends that he requested a copy of his guilty plea hearing transcript from his attorney, the clerk of court, and the court reporter, and that he made formal requests for a copy of the transcript at least four times a year between the years 2001 and 2007. (Id. at 5-6). He did not receive a copy of his transcript until October 10, 2007, and on November 1, 2007, he filed a "Petition to Correct Void Judgment" in state court. (Id. at 6-7). He contends that "but for" the receipt of his trial transcript, he could not have filed that petition. (Id. at 7).

The stringent standard that must be met for Petitioner to be entitled to equitable tolling was set forth fully in the Magistrate Judge's Report and Recommendation in the instant case. (Doc. no. 3, pp. 5-6). Under this standard, a petitioner must "show 'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (*per curiam*) (stating that equitable tolling is "'appropriate when a movant untimely files because of extraordinary circumstances that are

both beyond his control *and* unavoidable even with diligence'") (citations omitted). Petitioner bears the burden of proving his entitlement to such equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; Petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner has not demonstrated that extraordinary circumstances prevented the timely filing of his habeas petition. While Petitioner contends that he made several requests from his attorney to obtain a copy of his guilty plea hearing transcript before filing his "Petition to Correct Void Judgment," the refusal to respond to such requests is not an extraordinary circumstance that would equitably toll AEDPA's one-year statute of limitations. To the extent Petitioner's objection can be construed as alleging attorney negligence, attorney error is generally no basis for equitable tolling. See, e.g., Holland v. Florida, ___ F.3d ___, 2008 WL 3823706, at *3 (11th Cir. 2008) (finding that allegations regarding the failure of the petitioner's attorney to communicate with his client were insufficient to entitle the petitioner to equitable tolling, absent "an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment, or so forth" on the part of the attorney); Steed, 219 F.3d at 1300. Moreover, Petitioner has not established due diligence, as he has provided no details of his efforts to obtain his trial transcript from his attorney, the clerk of court, or the court reporter, including whether he followed proper procedure in his

3

efforts to do so.[2] In sum, Petitioner has failed to demonstrate any extraordinary circumstances that would justify equitable tolling.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion to proceed *in forma pauperis* is deemed to be **MOOT** (doc. no. 2), this case is **DISMISSED**, and this civil action is **CLOSED**.*

SO ORDERED this 25th day of September, 2008, at Augusta, Georgia.

/s/ Dudley H. Bowen Jr.
UNITED STATES DISTRICT JUDGE

* Further there is no showing of the elemental necessity of a transcript. If petitioner had shown, in a simple and direct way, his claim of some irregularity or constitutional deprivation the court may have assisted in obtaining a transcript. DHB

---

[2] Moreover, Petitioner does not claim that he has tried to a file a state habeas petition.

4